## CIRCUIT COURT OF THE CITY OF RICHMOND

Jane Roe
and John Roe

v.

Richmond Metropolitan
Blood Service, Inc., et al.

November 5, 1990

Case No. LS-420-4

### By JUDGE RANDALL G. JOHNSON

This case involves plaintiffs' claims for damages arising out of a blood transfusion through which plaintiff "Jane Roe" was allegedly infected with the Human Immunodeficiency Virus (HIV), as a result of which she has developed the symptoms of Acquired Immune Deficiency Syndrome (AIDS).[1] Defendants are Richmond Metropolitan Blood Service, Inc., which provided the blood used in the transfusion, and "John Donor," the person who donated the infected blood, and whose identity is not known by the plaintiffs. The matter is presently before the court on defendant Blood Service's demurrer and pleas of the statute of limitations and charitable immunity, and on plaintiffs' motion to compel Blood Service to identify John Donor. Because the court concludes that Blood Service's plea of the statute of limitations is dispositive of the case, only that matter need be addressed.

Section 8.01-243(A) of the Code of Virginia provides:

---

[1] Because of the nature of the case, plaintiffs are proceeding under the pseudonyms Jane and John Roe, John being Jane's husband.

> Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues.

Since the transfusion at issue in this case occurred on February 6, 1986, and since this action was not filed until February 5, 1990, Blood Service argues that the action is now time barred. Plaintiffs, on the other hand, argue that § 8.01-243(A) does not apply. Specifically, plaintiffs argue that a blood transfusion such as the one at issue here involves a sale of a product under the Uniform Commercial Code's provisions dealing with "Sales." As such, according to plaintiffs, it is the statute of limitations under the UCC's sales provisions which controls, not § 8.01-243(A). That statute, § 8.2-725, is four years. The court rejects plaintiffs' argument.

In holding that the four-year limitations period of § 8.2-725 does not apply, the court makes no ruling on whether plaintiffs are correct in their assertion that blood transfusions involve "sales." It simply makes no difference. This is true because of § 8.01-246, dealing with actions based on contracts. It is the last paragraph of that statute which directly and conclusively defeats plaintiffs' argument:

> Provided that as to any action to which § 8.2-725 of the Uniform Commercial Code is applicable, that section shall be controlling *except that in products liability actions for injury to person* and for injury to property, other than the property subject to contract, *the limitation prescribed in Section 8.01-243 shall apply.* (Emphasis added.)

This provision is dispositive of this case. If, as plaintiffs assert, a blood transfusion is the sale of a product, this is a products liability case. The plain language of § 8.01-246 makes the two-year period of Section 8.01-243(A) applicable to claims for personal injuries

in such cases. Accordingly, this action must be dismissed.[2]

---

[2] Plaintiffs make no claim that Section 8.01-243(C)(1), extending the limitations period in cases against health care providers for one year after the discovery of a "foreign object" in a patient's body, has any applicability to this case. First, plaintiffs discovered that Jane had AIDS symptoms in August, 1987, two and one-half years before filing suit. Second, it is doubtful that Blood Service is a "health care provider" under Section 8.01-581.1, something the court makes no finding on now. And third, it is not certain that the HIV virus constitutes a "foreign object" within the contemplation of the statute, again something which the Court does not now decide.